# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Silvester Avant, | Civil Action No. 4:15-2417-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| City of Conway, Conway Police Department, and Officer Jeffrey Jordan, | |
| Defendants. | |

This matter is before the Court on Defendants' motion for summary judgment (Dkt. No. 19). For the following reasons, the Court grants summary judgment for Defendants.

## I. Background

### A. Undisputed Facts

On May 27, 2013, immediately before 9:00 p.m., Conway Police Officer Jeffrey Jordan observed a white Ford Crown Victoria, driven by non-party Antwaun Bryant, traveling at 43 mph on Grainger Road in Conway, where the speed limit is 30 mph. Officer Jordan followed and, when he caught up with Mr. Bryant, activated his blue lights to effect a traffic stop. Mr. Bryant, now on Temple Street, came to a complete stop. But when Officer Jordan exited his vehicle and approached on foot, Mr. Bryant sped away. Officer Jordan returned to his vehicle and gave chase. According to his in-car camera, Officer Jordan began to pursue Mr. Bryant at 21:01:18. However, Officer Jordan was unable to catch up with Mr. Bryant. At 21:02:01—less than sixty seconds later—Officer Jordan turned off his blue lights, having already decelerated to a normal speed.

Approximately two minutes later, at 21:04:36, Officer Jordan arrived at the scene of an accident. Mr. Bryant's vehicle had struck the driver's side of a 1999 Dodge pickup truck driven

by Plaintiff Sylvester Avant. Mr. Avant suffered severe injuries that caused him to be hospitalized for a full month.

### B. Procedural History

On April 29, 2015, Plaintiff filed a Complaint in the Horry County Court of Common Pleas asserting two causes of action. In the first, Mr. Avant seeks actual and punitive damages pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by Officer Jordan, the City of Conway, and the Conway Police Department. Mr. Avant alleges that Defendants' pursuit of Mr. Bryant proximately caused his injuries. The second cause of action seeks actual damages from the City of Conway and the Conway Police Department for the same alleged misconduct as a negligence claim under the South Carolina Tort Claims Act, S.C. Code ch. 15-78. Defendants removed to this Court on June 16, 2015. Discovery was completed on January 21, 2016. On February 4, 2016, Defendants moved for summary judgment.

## II. Jurisdiction

This Court has Federal question subject-matter jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983. 28 U.S.C. § 1331, and pendent supplemental subject-matter jurisdiction over Plaintiff's South Carolina Tort Claims Act claims, 28 U.S.C. § 1367.

## III. Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S.

-2-

at 248. In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party," *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996), but it must also "prevent factually unsupported claims and defenses from proceeding to trial," *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993) (internal quotation marks omitted).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### IV. Discussion

#### A. Plaintiff Has Failed to Oppose Summary Judgment

As a threshold matter, the Court finds that Plaintiff has failed to oppose Defendants' motion for summary judgment. In support of summary judgment, Defendants argue (1) that the Fourth, Fifth, Sixth, and Eighth Amendments cannot support Plaintiff's claims as a matter of law; (2) that Plaintiff's procedural due process claim under the Fourteenth Amendment also fails as a matter of law; (3) that Plaintiff's substantive due process claim under the Fourteenth Amendment fails

because the undisputed facts of this case cannot meet the standard for a cognizable substantive due process § 1983 claim; (4) that Officer Jordan has qualified immunity from this suit; (5) that Plaintiff has failed to state a claim for municipal liability under § 1983; (6) that the undisputed facts of this case fall short of the standard for municipal liability under § 1983; (7) that the municipal defendants are immune from liability for law enforcement actions under the South Carolina Tort Claims Act; and (8) that on the undisputed facts of this case Plaintiff cannot establish the required negligence elements of a breach of a duty owed to Plaintiff or proximate cause. Defendants attach multiple affidavits and deposition excerpts in support of their motion.

Plaintiff responds with a 200-word argument—*i.e.*, the length of the preceding paragraph—making conclusory assertions that the evidence is sufficient to support a negligence claim (and making no mention of Plaintiff's § 1983 claim at all). Plaintiff offers no supporting affidavits or testimony because Plaintiff has no arguments to support. Conclusory assertions do not suffice to avoid summary judgment. *Thompson*, 312 F.3d at 649. Plaintiff also makes no attempt to address *any* of Defendants' arguments in favor of summary judgment. Generally, "failure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009). In short, Plaintiff has failed to respond to Defendants' motion.

Nonetheless, "the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). The Court therefore proceeds to the merits of Defendants' arguments.

**B.     Claims Under Inapplicable Constitutional Provisions**

Plaintiff seeks relief for, *inter alia*, purported violations of Plaintiff's rights under the Fourth, Fifth, Sixth, and Eighth Amendments. (Compl. ¶¶ 12–18.) Defendants argue that those

constitutional provisions are inapplicable to Plaintiff's claims as a matter of law, and, as explained below, the Court agrees.

The Fourth Amendment concerns "searches and seizures" by government actors. U.S. Const. amend. IV. The Supreme Court has held that an accidental crash during a police pursuit is not a seizure within the meaning of the Fourth Amendment. *County of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998). Indeed, Mr. Avant does not allege any seizure by Defendants. His Fourth Amendment claim therefore fails as a matter of law.

Plaintiff's Fifth Amendment claims also fail as a matter of law. "Absent incorporation through the Fourteenth Amendment, the Fifth Amendment[ ] . . . does not proscribe conduct by state actors, and cannot, therefore, supply the basis for a Section 1983 action." *Silvers v. Iredell Cty. Dep't of Soc. Servs.*, Civ. No. 5:15-83-RLV, 2016 WL 427953, at *11 (W.D.N.C. Feb. 3, 2016) (internal quotation marks omitted).

The Sixth Amendment concerns the rights of criminal defendants and is quite clearly inapplicable here. U.S. Const. amend. VI.

Plaintiff alleges that Defendants' actions "inflicted cruel and unusual punishment upon the Plaintiff in violation of the Eighth Amendment." (Compl. ¶ 15.) The Cruel and Unusual Punishments Clause of the Eighth Amendment "applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Graham v. Connor*, 490 U.S. 386, 398 (quoting *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977)). "In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable." *Ingraham*, 430 U.S. at 667–68. Plaintiff here claims an "imposition[] outside the criminal process." The Eighth Amendment is therefore inapplicable in this case.

### C.  Fourteenth Amendment Claims

#### 1.  Procedural Due Process

Procedural due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Where the alleged deprivation of a constitutional interest is random, such as the alleged traffic accident in this case, adequate postdeprivation remedies satisfy the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). In such cases, a due process violation is not "not complete until and unless [the state] provides or refuses to provide a suitable postdeprivation remedy." *Id.* at 533. A tort suit under state law is an adequate postdeprivation remedy. *Id.* at 535. South Carolina provides for a tort suit under state law. *See* S.C. Code ch. 15-78. Plaintiff's procedural due process claim therefore fails as a matter of law.

#### 2.  Substantive Due Process

Fourteenth Amendment substantive due process is the only viable basis for a § 1983 claim arising from accidental injury allegedly caused by a police pursuit. *See Lewis*, 523 U.S. at 844–45. To state a substantive due process claim, Plaintiff must allege injury from "arbitrary action of the government." *Id.* at 845. "Only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* at 846. Such conduct must "shock the conscience," *id.* at 846–47; a due process claim cannot be predicated on mere negligence, *Davidson v. Cannon*, 474 U.S. 344, 348 (1985).

Defendants argue that Officer Jordan's pursuit does not rise to a level that "shocks the conscience" as a matter of law. The Court agrees. Mr. Bryant sped away from a traffic stop while Officer Jordan was on foot. Officer Jordan gave chase for less than sixty seconds; because of Mr. Bryant's head start, Officer Jordan could not catch up with Mr. Bryant and he therefore terminated his pursuit. Mr. Bryant crashed into Plaintiff while he was fleeing a traffic stop and not while he

was fleeing any extended police pursuit. Plaintiff's case rests on the theory that but for Officer Jordan returning to his car and (unsuccessfully) attempting to give chase for less than one minute, Mr. Bryant would have resumed safe driving practices within three minutes or so of fleeing a traffic stop at high speed, and so would have avoided crashing into Plaintiff. Even if the Court were to grant Plaintiff that highly dubious theory, Officer Jordan's brief and abortive attempt to pursue Mr. Bryant cannot possibly be said to "shock the conscience." Plaintiff therefore fails to state a claim under § 1983.

And even if Plaintiff could state a claim under § 1983, Officer Jordan as a defendant would enjoy qualified immunity. Qualified immunity shield officials from civil damages liability if "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Police officers "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). In other words, police officers have qualified immunity except where they are "plainly incompetent" or "knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Plaintiff has alleged nothing—let alone offered any proof suggesting—any incompetence or lawlessness on the part of Officer Jordan. Officer Jordan therefore enjoys qualified immunity in this action.

Furthermore, if, again, Plaintiff could state a claim under § 1983, Plaintiff would have to satisfy the standard for imposing municipal liability on the City of Conway and the Conway Police Department. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Plaintiff must show that the "execution of [the municipality's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at

694. Plaintiff "shotgun" alleges that the City had no policy regarding pursuits (Compl. ¶ 14(a)), or that it did not enforce the policy that it had (Compl. ¶ 14(b)), or that it failed to provide sufficient training (Compl. ¶¶ 14(c) & 14(d)), or that it failed to supervise and monitor the pursuit (Compl. ¶¶ 14(e) & 14(f)), or that it failed to terminate the pursuit (Compl. ¶ 14(g)). None of those allegations have a scintilla of record support. The uncontroverted facts show that the City did have a pursuit policy (Dep. Tr. of Plaintiff's expert Benny L. Webb 13:13–20, Dkt. 19-7), which had no deficiencies according to Plaintiff's own expert (*id.* 13:21–14:1), and that policy was faithfully applied regarding the attempted pursuit of Mr. Bryant (Aff. of Mark Bobbit ¶ 13, Dkt. No. 19-4). The pursuit was supervised according to policy (*id.* ¶ 6), and supervisors did attempt to terminate the pursuit—and they were unable to do so only because Officer Jordan already had (*id.* ¶ 8).

In response to these uncontested facts, Plaintiff only asserts that Officer Jordan should not have initiated pursuit at all, because the offense for which Mr. Bryant was stopped, speeding by 13 mph, was minor. (Pl.'s Resp. 4.) But the uncontested facts also show that Officer Jordan did not initiate a pursuit because of Mr. Bryant's speeding. Officer Jordan briefly attempted to pursue Mr. Bryant because he sped away from a traffic stop at high speed, which is a crime under S.C. Code § 56-5-750. Plaintiff apparently asserts that the police should have had, literally, no immediate response to a car speeding away, tires squalling, from a routine traffic stop, because the traffic stop itself was routine. That meritless assertion cannot establish municipal liability for a § 1983 claim. *Cf. Scott v. Harris*, 550 U.S. 372 (2007) ("[W]e are loath to lay down a rule requiring the police to allow fleeing suspects to get away . . . .").

### D.     South Carolina Tort Claims Act Claims

Plaintiff's claims under the South Carolina Tort Claims Act fail as a matter of law.[1] The City of Conway and the Conway Police Department are immune from suit for Officer Jordan's law enforcement actions. S.C. Code § 15-78-60 ("The governmental entity is not liable for a loss resulting from . . . enforcement . . . [of] any law . . . ."). The City and the Police Department are also immune from suit for any "act or omission of a person other than an employee including but not limited to the criminal actions of third persons." S.C. Code § 15-78-60(2). There is no dispute that Plaintiff was injured by the criminal actions of Mr. Bryant, a third person.

Even if the City and Police Department were not immune, Plaintiff has failed to make a *prima facie* showing of negligence. No evidence suggests that Officer Jordan failed to exercise reasonable care or that he breached any duty owed to Plaintiff. Nor does any evidence suggest that Officer Jordan proximately caused Plaintiff's injuries. Mr. Bryant unexpectedly sped away from a traffic stop; police never caught up with him and they stopped trying within seconds; he collided with Plaintiff less than three minutes and thirty-five seconds after he fled the traffic stop. The record does not suggest that anything Officer Jordan did after Mr. Bryant sped away caused Mr. Bryant's collision with Plaintiff, nor does it suggest that Officer Jordan could have done anything to prevent that collision. There is likewise not a scintilla of evidence suggesting that the City or the Police Department were negligent in training or supervising Officer Jordan.

---

[1] The Court's preference would be to decline supplemental jurisdiction. Negligence claims against South Carolina brought under South Carolina law by South Carolina citizens are best heard in the South Carolina courts. However, where, as here, Plaintiff's claims must fail as a matter of law, the interests of justice are not served by needlessly prolonging the litigation.

## V. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 2⁹, 2016
Charleston, South Carolina