# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Silvester Avant, ) | Civil Action No. 4:15-2417-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| City of Conway, Conway Police ) Department, and Officer Jeffrey Jordan, ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's motion to alter or amend judgment (Dkt. No. 23). For the following reasons, the Court denies Plaintiff's motion.

## I.     Background

### A.     Undisputed Facts

On May 27, 2013, immediately before 9:00 p.m., Conway Police Officer Jeffrey Jordan observed a white Ford Crown Victoria, driven by non-party Antwaun Bryant, traveling at 43 mph on Grainger Road in Conway, where the speed limit is 30 mph. Officer Jordan followed and, when he caught up with Mr. Bryant, activated his blue lights to effect a traffic stop. Mr. Bryant, now on Temple Street, came to a complete stop. But when Officer Jordan exited his vehicle and approached on foot, Mr. Bryant sped away. Officer Jordan returned to his vehicle and gave chase. According to his in-car camera, Officer Jordan began to pursue Mr. Bryant at 21:01:18. However, Officer Jordan was unable to catch up with Mr. Bryant. At 21:02:01—less than sixty seconds later—Officer Jordan turned off his blue lights, having already decelerated to a normal speed.

Approximately two minutes later, at 21:04:36, Officer Jordan arrived at the scene of an accident. Mr. Bryant's vehicle had struck the driver's side of a 1999 Dodge pickup truck driven

by Plaintiff Sylvester Avant. Mr. Avant suffered severe injuries that caused him to be hospitalized for a full month.

### B.     Procedural History

On April 29, 2015, Plaintiff filed a complaint in the Horry County Court of Common Pleas asserting two causes of action. In the first, Mr. Avant seeks actual and punitive damages pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by Officer Jordan, the City of Conway, and the Conway Police Department. Mr. Avant alleges that Defendants' pursuit of Mr. Bryant proximately caused his injuries. The second cause of action seeks actual damages from the City of Conway and the Conway Police Department for the same alleged misconduct as a negligence claim under the South Carolina Tort Claims Act, S.C. Code ch. 15-78. Defendants removed to this Court on June 16, 2015. Discovery was completed on January 21, 2016. On February 4, 2016, Defendants moved for summary judgment, submitting, inter alia, the police dashboard camera video of the events at issue (cited herein as "Video").

This Court granted summary judgment for Defendants on February 29, 2016. On March 11, Plaintiff moved for reconsideration of summary judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## II.    <u>Jurisdiction</u>

This Court has Federal question subject-matter jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983. 28 U.S.C. § 1331. The Court has pendent supplemental subject-matter jurisdiction over Plaintiff's South Carolina Tort Claims Act claims. 28 U.S.C. § 1367; *see also Jinks v. Richland Cty., S.C.*, 538 U.S. 456, 465–66 (2003).

### III. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

### IV. Discussion

The Court found that Plaintiff failed to file an actual opposition to summary judgment (Order 3–4, Feb. 29, 2016, Dkt. No. 21 ("Order")), but nonetheless ruled on the merits. *Cf. Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to judgment as a matter of law."). Now Plaintiff files as a Rule 59(e) motion the brief that should have been filed in opposition to summary judgment. Such use of Rule 59(e) appears foreclosed by the Fourth Circuit's admonition that "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment." *Pac. Ins. Co.*, 148 F.3d at 403. To fit under the *Pacific Insurance* standard governing Rule 59(e) motions, Plaintiff argues that clerical error omitted necessary

exhibits from his opposition to summary judgment. (Pl.'s Mem. Supp. Mot. Am. J. 16–19, Mar. 11, 2016 ("Mem.").) Reconsideration therefore is necessary to prevent "manifest injustice." (*See id.* at 17.) That is a rather strained argument, given the lack of references to any such exhibits in Plaintiff's opposition, and the fact that Plaintiff's memorandum in opposition to summary judgment was only five pages long (with an argument of only two hundred words), while his memorandum in support of reconsideration of summary judgment is twenty pages long (with an argument of 4,500 words).

However, the decision to alter or amend a judgment lies within the discretion of the Court. Where possible, the Court prefers to exercise its discretion to rule on the merits, rather than to avoid the merits. The Court therefore accepts Plaintiff's assertion of clerical error regarding his opposition to summary judgment, and considers the merits of Plaintiff's present motion. Since Plaintiff opposes summary judgment, the Court considers Plaintiff's arguments under the legal standard for summary judgment.[1] Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party," *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996), but it must also "prevent factually unsupported claims and defenses from proceeding to trial," *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993) (internal quotation marks omitted).

---

[1] The federal summary judgment standard applies to a state cause of action within a federal court's supplemental jurisdiction. *See Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 465 (6th Cir. 2014)

-4-

Plaintiff's brief in support of his motion does not argue for reconsideration of summary judgment regarding his § 1983 claims. Plaintiff only argues that the Court should reconsider summary judgment regarding his claims under the South Carolina Tort Claims act. The crux of Plaintiff's motion is his assertion that he has in fact presented a *prima facie* case for gross negligence under South Carolina law. If so, Defendants would not be entitled to summary judgment on his South Carolina Tort Claims Act claims.

The Court's previous decision never addressed that question—the Court instead found that Plaintiff's claim for ordinary negligence failed as a matter of law because the municipal Defendants are immune from such claims. (Order 9.) That immunity applies to ordinary negligence; Defendants are indeed liable for gross negligence. *See Repko v. Cty. of Georgetown*, No. 2014-000156, 2016 WL 62342, at *10 (S.C. Ct. App. Jan. 6, 2016). The Court's earlier Order did not address the gross negligence exception for two reasons.

First, Plaintiff's perfunctory opposition to summary judgment never argued the gross negligence exception in opposition to Defendants' claim of immunity—even though, as Plaintiff asserts, Defendants pled the immunity provisions of the South Carolina Tort Claims Act as an affirmative defense. (*See* Mem. 13 (quoting Answer ¶ 33).) The complaint however does make two passing references to "recklessness." (Compl. ¶¶ 26, 27).

Second, the court found that, even if Defendants were not immune, Plaintiff failed to make a *prima facie* case for ordinary negligence. (Order 9.) It is impossible to show gross negligence when negligence cannot be shown: "Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care." *Clyburn v. Sumter Cty. Sch. Dist. No. 17*, 451 S.E.2d 885, 887 (S.C. 1994); *see also Clark v. S.C. Dep't of Pub. Safety*, 608 S.E.2d 573, 576 (S.C. 2005) (finding no error in a jury instruction in a wrongful death action arising from a police pursuit,

which defined gross negligence as "when a person is so indifferent to the consequences of his conduct as not to give slight care as to what he is doing").

Plaintiff now argues that Officer Jordan was grossly negligent in initiating and continuing the pursuit of Mr. Bryant. (Mem. 7.) "Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. It is a failure to exercise slight care." *Richardson by McDaniel v. Hambright*, 374 S.E.2d 296, 298 (S.C. 1988) (citation omitted). "Gross negligence ordinarily is a mixed question of law and fact. When the evidence supports but one reasonable inference, however, the question becomes a matter of law for the court." *Clyburn*, 451 S.E.2d at 887–88 (citation omitted).

In reviewing the video of Officer Jordan's stop and pursuit of Mr. Bryant, the Court finds that the only reasonable inference is that Officer Jordan exercised slight care—and, for that matter, due care—in pursuing Mr. Bryant. He slowed to traverse intersections safely, even though that meant losing the suspect. (Video 00:58.) Plaintiff argues that Officer Jordan traveled at high speed on congested residential roads (Mem. 11), but the video plainly shows that he traveled at high speed only on roads that were empty, straight, and flat (*i.e.*, with good forward visibility) (Video 00:46–00:55, 01:06–01:28.) Officer Jordan terminated the pursuit when the empty road he was on merged into a road with traffic. (Video 01:28.) The entire pursuit was less than one minute. No evidence suggests that Officer Jordan was improperly trained. The City and Police Department have a pursuit policy, which Plaintiff's expert concedes had no deficiencies. (Dep. Tr. of Plaintiff's expert Benny L. Webb 13:13–14:1, Dkt. 19-7.) No evidence suggests that policy was not followed. Supervisors monitored the pursuit and directed Officer Jordan to terminate the pursuit (he had already terminated pursuit). (Aff. of Mark Bobbit ¶¶ 6, 8, 13, Dkt. No. 19-4.)

Further, Plaintiff fails to establish *prima facie* causation. Mr. Bryant was not being pursued (or within sight of any police vehicle) when he collided with Plaintiff. This case is nothing like *Clark*, which Plaintiff argues "virtually dictate[s] that the instant case be submitted to the jury." (Mem. 2.) In *Clark*, an innocent motorist was struck by suspect who crossed the centerline *while being pursued by police*, and where police had continued pursuit *even after witnessing the suspect nearly collide with another innocent motorist. Clark*, 608 S.E.2d at 577–78. Here, as the Court noted when granting summary judgment on Plaintiff's substantive due process claims, "Plaintiff's case rests on the theory that but for Officer Jordan returning to his car and (unsuccessfully) attempting to give chase for less than one minute, Mr. Bryant would have resumed safe driving practices within three minutes or so of fleeing a traffic stop at high speed, and so would have avoided crashing into Plaintiff." (Order 7.) Plaintiff offers only speculation that, if Officer Jordan had done absolutely nothing when Mr. Bryant tore away from the traffic stop at 9:01 p.m., then maybe Mr. Bryant would have ceased reckless driving before 9:04 p.m. But "[m]ere speculation by the non-movant cannot create a genuine issue of material fact." *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

Plaintiff labors under the impossible burden of the video, which simply leaves no questions for trial. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (concluding that, where there is a video of the events at issue, a court ruling on a motion for summary judgment should "view[] the facts in the light depicted by the videotape"). The video shows a properly trained officer performing his duties with due care, under supervision, and in accordance with policy. There is no possibility that Plaintiff can establish that he, or the City or Police Department, failed to act with at least "slight care." Instead, Plaintiff seeks a rule that initiating pursuit of a fleeing motorist on a public road is gross negligence *per se*, because such pursuits may place innocent motorists in danger.

The Supreme Court rejects any such rule. *See Scott*, 550 U.S. at 385 ("[W]e are loath to lay down a rule requiring the police to allow fleeing suspects to get away . . . .").

The undisputed facts leave no genuine dispute for trial. The Court therefore declines to alter its judgment granting summary judgment to Defendants on Plaintiff's claims under the South Carolina Tort Claims Act.

## V.    Conclusion

For the foregoing reasons, Plaintiff's motion to amend or alter judgment (Dkt. No. 23) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 26, 2016
Charleston, South Carolina